BANK OF BABYLON *v.* THOMAS P. QUIRK
(11644)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued January 3—decision released March 13, 1984

*Donald E. Grossfield,* with whom was *James P. Driscoll,* for the appellant (plaintiff).

*Stewart I. Edelstein,* with whom, on the brief, was *Randi Levine,* for the appellee (defendant).

PARSKEY, J. The plaintiff secured a default judgment against the defendant in the state of New York.[1] Thereafter it brought an action in this state and in connection therewith, pursuant to a court order, attached the defendant's boat which was docked at a marina in Old Saybrook. The defendant filed a motion to dismiss on the grounds that the court lacked both subject matter and personal jurisdiction. The trial court granted the

---

[1] The defendant does not challenge the plaintiff's assertion that he was personally served with process in the New York action, nor does he challenge the validity of the New York judgment in any other respect.

motion on the ground that it lacked jurisdiction to render a judgment because of the absence of minimum contacts between the defendant and this state, from which judgment the plaintiff has appealed. We find error.

The complaint is in three counts. The first and third counts are based on claims against the defendant as the maker and guarantor, respectively, of a promissory note. As to these counts, in the absence of territorial jurisdiction; see *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.,* 180 Conn. 223, 226, 429 A.2d 478 (1980); the court would have no power to render a judgment against him or his property. *Shaffer* v. *Heitner,* 433 U.S. 186, 212, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

The second count involves an action to enforce the New York judgment. The question involved in this count is whether under the full faith and credit clause; U.S. Const., art. IV § 1; the New York judgment may be enforced in this state in the absence of minimum contacts by the defendant with this state. Our disposition of the issue raised by this count is dispositive of this appeal. It is therefore unnecessary for us to consider whether, for the purpose of quasi in rem jurisdiction, there were sufficient contacts with this state to satisfy the requirements of due process.[2]

---

[2] The trial court found that the defendant had placed his boat in the hands of a New York broker who brought it to this state to arrange for its sale. It appears that the defendant placed no restrictions on the broker respecting how and where the sale was to be consummated. We reserve for another day whether in these circumstances the agent had implied authority to avail himself of the benefits and protections of this state respecting the sale of the defendant's boat; see *Hartford Accident & Indemnity Co.* v. *South Windsor Bank & Trust Co.,* 171 Conn. 63, 70, 368 A.2d 76 (1976); and, if so, whether such action might not afford a sufficient constitutional basis for the courts of this state to exercise jurisdiction over the defendant's interest in that property. *Shaffer* v. *Heitner,* 433 U.S. 186, 207-208, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977); *Zartolas* v. *Nisenfeld,* 184 Conn. 471, 478, 440 A.2d 179 (1981).

The defendant is a resident of Tennessee. Before the commencement of the present action the defendant turned his boat over to a New York broker for the purpose of sale. Subsequently, the broker brought the boat to Connecticut when he moved his entire business to this state.

We may quickly dispose of the defendant's claim that the trial court lacked subject matter jurisdiction. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. *State* v. *Malkowski,* 189 Conn. 101, 105–106, 454 A.2d 275 (1983); *Reed* v. *Reincke,* 155 Conn. 591, 598, 236 A.2d 909 (1967). It is stating the obvious to observe that the Superior Court, a court of general jurisdiction, has the power to hear and determine cases involving an action on a promissory note and an action to enforce the judgment of a court of a sister state.

We may also dispose of the claim that the court had personal jurisdiction over the defendant under our long arm statute, General Statutes § 52-59 (b). This statute authorizes jurisdiction over nonresidents who transact any business within the state provided that the cause of action arises out of such transaction. We may assume arguendo that the actions of the broker in bringing the defendant's boat to this state for the purpose of sale constitute the transaction of business within the meaning of the statute; see *Zartolas* v. *Nisenfeld,* 184 Conn. 471, 473–74, 440 A.2d 179 (1981); and that the actions of the broker may be imputed to the defendant as his principal. See *Hartford Accident & Indemnity Co.* v. *South Windsor Bank & Trust Co.,* 171 Conn. 63, 70, 368 A.2d 76 (1976). Since, however, there is nothing in the complaint to suggest that the plaintiff's causes of action are in any respect related to activities con-

cerning the defendant's boat, the plaintiff's reliance on the long arm statute is misplaced. *Zartolas* v. *Nisenfeld,* supra, 477.

On the second count the defendant argues that due process requires the existence of minimum contacts even in cases involving the enforcement of judgments from sister states. To follow the defendant's reasoning one would be obliged to recognize a tension between the full faith and credit and the due process clauses of the constitution of the United States. But there is no such tension. Due process is an essential ingredient in any valid judgment. Having been given fair notice and an opportunity to defend the action on the merits in the state of New York, the defendant cannot be heard to complain because the plaintiff seeks to enforce that judgment against any of his property situated in this state. "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter." *Shaffer* v. *Heitner,* supra, 210–11 n.36. The defendant was given all the process that was due him in relation to the issue of his liability for the debt by the state of New York. There is nothing in the due process clause to suggest that thereafter he was entitled to a second chance to litigate that issue. He claims no lack of notice of the in rem proceeding in Connecticut. We find no violation of his right to due process in requiring him to defend that action in this state.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss.

In this opinion the other judges concurred.