## STATE OF CONNECTICUT *v.* GEORGE SITKA
## (4215)
## (4677)

HULL, DALY and STOUGHTON, Js.

Argued February 10—decision released June 23, 1987

*Ronald L. Lepine,* with whom, on the brief was, *Angelo L. dos Santos,* for the appellant (defendant).

*Steven M. Sellers,* assistant state's attorney, with whom, on the brief, were *Samuel Sferrazza* and *Thomas E. Gomberg,* assistant state's attorneys, for the appellee (state).

STOUGHTON, J. The first case is an appeal from a judgment of conviction on January 30, 1985, following a jury trial. The defendant was charged with operating a motor vehicle while under the influence of liquor, in violation of General Statutes (Rev. to 1983) § 14-227a amended by Public Acts 1983, No. 83-534. On February 19, 1985, the defendant filed a notice of appeal and motion to open the judgment. The motion was denied on April 26, 1985. A motion for a new trial was filed in March and denied on April 26, 1985. On May 16, 1985, an appeal was filed. The defendant's preliminary statement contained two issues: (1) whether the court had jurisdiction over the subject matter of this dispute; and (2) whether the court erred in denying the defendant's motion to open the judgment. The ground stated in the motion to open the judgment was that it was against the preponderance of the evidence. The second issue was neither briefed nor argued by the defendant and is deemed abandoned. See *DeMilo* v. *West Haven,* 189 Conn. 671, 682 n.8, 458 A.2d 362 (1983).

The second case is an appeal from a judgment of conviction following a guilty plea on October 29, 1985, to a charge of operating a motor vehicle under the influence of liquor, a violation of General Statutes (Rev. to

1985) § 14-227a. A motion to dismiss for lack of subject matter jurisdiction had been denied by the trial court prior to the guilty plea. The plea was entered with the understanding that the defendant was not waiving the claim of lack of subject matter jurisdiction. The two issues raised on this appeal are lack of subject matter jurisdiction and error in denial of the motion to dismiss.

On January 16, 1986, this court granted the defendant's motion to combine these two appeals. In each case, the claim by the defendant is that the General Assembly failed to enact No. 83-534 of the 1983 Public Acts validly and that, therefore, the court lacked subject matter jurisdiction.

In the first case, the defendant appeared pro se at his trial. At that trial, the defendant offered evidence which he said would show that Public Acts 1983, No. 83-534 was not validly enacted. This evidence consisted of portions of the Journals of the House of Representatives and of the Senate, excerpts from the Manual of Legislative Procedure by Paul Mason, and testimony by a witness who had done some research on legislative procedure. After an objection on grounds of relevancy was sustained, the court suggested to the defendant that he make an offer of proof. The copies of the journals were marked as exhibits for identification, but the defendant refused to leave them in the custody of the court. These journals and pages from the Manual of Legislative Procedure are printed in the defendant's appendix to his brief. The state argues in its brief that these documents should not be considered. The briefs of both parties have, however, referred to these documents, and they may be judicially noticed by this court.

Article third, § 13 of the Connecticut constitution provides that "[e]ach house shall determine the rules of its own proceedings . . . and shall have all other

power necessary for a branch of the legislature of a free and independent state." The General Statutes also provide for rule making power. See General Statutes § 2-1a. At the opening session of the legislature on January 5, 1983, the senate adopted rules of parliamentary practice. Rule 32 provides: "The rules of parliamentary practice comprised in the latest edition of Mason's Manual of Legislative Procedure shall govern the senate whenever applicable and whenever they are not inconsistent with the standing rules and order of the senate or the joint rules of the senate and house of representatives." Journal of the Senate, Wednesday, January 5, 1983, p. 57. Rule 35 provides in part that "[t]hese rules shall not be altered, amended or suspended except by vote of at least two-thirds of the members present. . . . Motions to suspend the rules shall be in order on any session day." Id. The house of representatives, on the same day, adopted Rule 22, similar to senate Rule 32, and Rules 44 and 45 providing for suspension of the rules. Rule 44 provided that "[t]hese rules shall not be altered, amended or suspended except by the concurrent vote of at least two-thirds of the members present." Journal of the House of Representatives, Wednesday, January 5, 1983, p. 15. Rule 45 provided, in part, that "[m]otions to suspend the rules shall be in order on any session day." Id.

On May 31, 1983, the house of representatives considered Substitute House Bill No. 6420 entitled An Act Concerning The Penalties For Drunk Driving. See Journal of the House of Representatives, Tuesday, May 31, 1983, p. 1761. On June 6, 1983, the senate considered Substitute House Bill No. 6420 entitled An Act Concerning The Penalties For Drunk Driving (As amended by house amendment schedules A, C, D, I and K). Journal of the Senate, Monday, June 6, 1983, p. 1725. The bill was amended in the senate and passed. Upon motion, the rules were suspended for immediate

transmittal of the bill to the House of Representatives. Id., p. 1726. The Journal of the Senate is silent as to whether or not the suspension of the rules was by two-thirds majority vote, and it is upon this omission that the defendant builds his claim of lack of subject matter jurisdiction. This bill became Public Acts 1983, No. 83-534.

Subject matter jurisdiction is the power of the court to determine cases of the general class to which the proceedings in question belong. *Bank of Babylon* v. *Quirk,* 192 Conn. 447, 449, 472 A.2d 21 (1984). It is beyond doubt that the court had power to decide drunk driving cases. If Public Acts 1983, No. 83-534 had not been validly enacted, it could not have repealed its predecessor § 14-227a of the General Statutes which dealt with drunk driving. The defendant's claim is actually that the section under which he was prosecuted was not validly passed and that he could not have been convicted under its terms. The Journal of the Senate does not establish that the suspension of the rules was not by a two-thirds majority vote. It simply records that the rules were suspended, without more. There should be no presumption that the senate violated its own rules.

One who contests the constitutionality of a statute bears the heavy burden of demonstrating beyond a reasonable doubt that the presumption of its validity has been overcome. *Gunther* v. *Dubno,* 195 Conn. 284, 291, 487 A.2d 1080 (1985).

The courts cannot pass upon the regularity of legislative proceedings, at least in the absence of a violation of some constitutional restriction. *State* v. *Savings Bank of New London,* 79 Conn. 141, 152, 64 A. 5 (1906). The defendant asserts, as he must, that the Connecticut constitution requires that the suspension of the rules be by a two-thirds majority vote, and that the two-

thirds vote be recorded in the Journal of the Senate. The foundation for this assertion is the provision in article third, § 13, that each house shall determine the rules of its own proceedings. Because the houses of the legislature are empowered by the constitution to determine rules of proceedings, it is argued that the rules are constitutionally mandated and such a departure from the rules as a suspension of all the rules requires the scrutiny of the judiciary. The Connecticut constitution does not, however, require any particular rules or any particular method for suspending the rules. Merely labeling this a constitutional question does not make it so. Since the houses of the legislature have the power to set their own rules, they have the power to depart from one or several of them. See *State* v. *Savings Bank of New London,* supra, 152. Even if the senate failed to act by a two-thirds majority vote to suspend the rules, that would not give rise to a constitutional question. See *Schieffelin & Co.* v. *Department of Liquor Control,* 194 Conn. 165, 185, 479 A.2d 1191 (1984).

In the absence of any violation of any constitutional provision, the validity of Public Acts 1983, No. 83-534 cannot be impeached by resort to the journals of the legislature.

We will not in this case speculate that the senate may have violated its own rules, nor will we inquire into the regularity of its proceedings. We conclude that the court had subject matter jurisdiction in the first case.

In the second case, the defendant pleaded guilty with the understanding that he was not waiving his claim of subject matter jurisdiction. We conclude, as we did in the first case, that the court did have subject matter jurisdiction. Moreover, the defendant was charged with violation of General Statutes (Rev. to 1985) § 14-227a, not with violation of Public Acts 1983, No. 83-534. Sec-

348

tion 14-227a was amended in 1984 and was not precisely the same as Public Acts 1983, No. 83-534.

Since the trial courts had subject matter jurisdiction in each case, the judgment in each case is affirmed.

There is no error in either appeal.

In this opinion the other judges concurred.