[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a motion to dismiss dated September 25, 1989, the defendant Beechcraft East, Inc., (East), claims that pursuant to C.G.S.52-572r(c) the court lacks subject matter jurisdiction. In a Memorandum of Decision dated December 29, 1989 and an Addendum dated March 29, 1990, the court, O'Connor, J., denied the Motion CT Page 3076 to Dismiss of Beechcraft East, Inc., based on considerations of C.G.S. 31-293.
Subject matter jurisdiction, according to Black's Law Dictionary (5th Edition), "refers to (a) court's competence to hear and determine cases of the general class to which the proceedings in question belong, the power to deal with the general subject involved in the action." Herman v. Summer Plaza Corporation,201 Conn. 363, 271-72.
Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong. Bank of Babylon v. Quirk, 192 Conn. 447, 449.
Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. (citations omitted). Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. Craig v. Bronson, 202 Conn. 93, 101.
The defendant East herein misinterprets the term "jurisdiction. the statute C.G.S. 52-572r(c) does not deprive the court of jurisdiction, but it does limit the jurisdiction of the court.
The motion to dismiss of defendant Beechcraft East, Inc., is denied.
MIANO, JUDGE