[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS CT Page 1717
The plaintiff, Copelco Leasing Corp., is a New Jersey corporation. The defendants, Robert and Barbara Fox, are residents of Connecticut who entered into a lease agreement with the plaintiff for use of medical-computer equipment delivered to them by the plaintiff. The plaintiff has filed an application for prejudgment remedy, alleging nonpayment and breach of contract by the defendants. The defendants filed a timely motion to dismiss on December 13, 1991, raising lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue as grounds for dismissal. In particular, the defendants contend that a choice of forum clause in the lease agreement renders Connecticut an improper forum for this action.
A motion to dismiss is improper when only an application for a prejudgment remedy has been filed and could be denied without prejudice. However, counsel have agreed to submit the issue and the court agreed to hear it on the merits in view of the issue raised by this provision of the lease agreement:
 "THE GOVERNING LAW; JURISDICTION AND VENUE: WAIVER OF TRIAL BY JURY. This lease. . .shall be governed by the laws of the State of New Jersey provided however, in the event this lease or any provisions hereof is not enforceable under the laws of the State of New Jersey, then the laws of the state where the equipment is located shall govern. Lessee consents to the personal jurisdiction of the Federal and State Courts of the State of New Jersey located in Camden County with respect to any action arising out of this lease or the equipment provided, however, lessor may in its sole discretion, enforce this lease in any Court having lawful jurisdiction thereof. . . ."
In their memorandum of law in support of the motion to dismiss, the defendants contend that New Jersey is the proper forum for this action. They cite the contractual provision from their lease agreement and argue that "the parties expressly consented to the jurisdiction of the New Jersey Courts and the venue of Camden County:"
The plaintiff responds that it did not consent to the jurisdiction of New Jersey and that it expressly reserved the right to "enforce [the] lease in any Court having lawful jurisdiction thereof." The plaintiff further contends that Connecticut is not an improper forum since the contract does not limit the plaintiff's right to bring an action in jurisdictions other than New Jersey. CT Page 1718
DISCUSSION
A motion to dismiss challenges the jurisdiction of the court. Ziska v. Water Pollution Control Authority of Town of Windham,195 Conn. 682, 687, 490 A.2d 509 (1985); Upson v. State, 190 Conn. 662, 624 461 A.2d 991 (1988). A motion to dismiss is the proper vehicle for challenging jurisdiction over the person or improper venue. Practice Book 142.
It is an established principle that "parties to a contract may agree in advance to submit to the jurisdiction of a given court." United States Trust Co. v. Bohart, 197 Conn. 34, 43,495 A.2d 1034 (1985), quoting National Rental v. Szukhent, 374 U.S. 311,315-16 (1964). Moreover, where "the court selected [by the parties] is reasonably appropriate, and. . .there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements'" Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 498,495 A.2d 286 (1985), quoting James Hazard, Civil Procedure (2d Ed. 1977) 12.21.
However, a mere contractual agreement does not alter the subject matter jurisdiction of this court. Subject matter jurisdiction relates to the court's competency to exercise power in a particular type of legal controversy, and "unlike jurisdiction of the person, [it] cannot be created through consent or waiver." Castro v. Viera, 207 Conn. 420, 430, 541 A.2d 1216 (1988). Thus, "the old notion that forum selection clauses in contracts `are improper because they had to "oust" a court of jurisdiction is hardly more than a vestigal of legal fiction."' Emlee Equipment Leasing Corp., 41 Conn. Sup. 575, 577. (1991), quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). "In the face of such an agreement a court retains the right to hear the case. . .but it is not bound to exercise that right." Funding Systems Leasing Corp. v. Diaz, 34 Conn. Sup. 99, 101-02, 470 A.2d 720 (1977). (emphasis added).
In the present case this court clearly has subject matter jurisdiction over the dispute and personal jurisdiction over the parties. As a court of general jurisdiction, the superior court has the power to entertain actions for breach of contract. See Bank of Babylon v. Quirk, 192 Conn. 447, 449, 472 A.2d 21 (1984) (superior court is court of general jurisdiction); Emlee Equipment Leasing Corp. supra 577 (". . .[T]he Superior Court of Connecticut has subject matter jurisdiction to hear. . .contract dispute[s]").
Similarly, when the defendant resides in the territory of the forum where suit is brought, the court necessarily obtains personal jurisdiction over him. See Bank of Babylon, supra 449; CT Page 1719 Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201,202, 486 A.2d 649 (1985) ("The claim of lack of personal jurisdiction is as close to meritless as it is possible to get. The defendant is a resident of the state. . .and the jurisdiction of the court over him is obvious"). There is a question that the defendants in this case reside in Connecticut. (See Affidavit of Defendant Robert Fox, para. 3 and Plaintiff's Memorandum of Law in Opposition, p. 1). The superior court therefore has personal jurisdiction over the defendants, and the only question is "whether. . .[this court] should decline to exercise [its jurisdiction] to give effect to the expectations of the parties manifested in their contract." Emlee Equipment Leasing Corp., supra 577.
Actually, whether this court should defer to the courts of New Jersey is not, as the defendants contend, a question of improper venue so much as one involving forum non conveniens. This court is vested with proper venue pursuant to General Statutes 51-345 (c), which provides:
 In all actions by a corporation, except actions made returnable under subsection (6) of this section, civil process shall be made returnable as follows:. . .(3) If the plaintiff is a foreign corporation and the defendant is a resident, to the judicial district where the defendant resides.
The plaintiff in this action is a foreign corporation with it place of incorporation located in New Jersey, and the defendants reside in the judicial district of New Haven, Connecticut. Venue therefore, is proper. The real issue is thus whether this court should "`resist imposition upon its jurisdiction' even [though] it has jurisdiction." Brown v. Brown, 195 Conn. 98, 108,486 A.2d 1116 (1985), quoting Gulf Oil v. Gilbert, 330 U.S. 501, 68-69
(1947).
When a court faces a contractual agreement affecting forum, the central question to be considered is foreseeability:
 [I]s the defendant's conduct and connection with the forum state. . .such that he should reasonably anticipate being haled into court there. The basic tenet of foreseeability has given rise to the specific corollary that `parties to a contract may agree in advance to submit to the jurisdiction of a given court'. . .[but] at the same time, jurisdiction may not be asserted `in such a way as to make litigation "so gravely difficult and inconvenient" that a party CT Page 1720 unfairly is at a "severe disadvantage" in comparison to his opponent'
United States v. Bohart, supra 41-42, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985). This attempt to balance the needs and expectations of the parties has been explained as follows:
 Choice of forum clauses represent "an attempt by the parties to insure that the action will be brought in a forum that is convenient for them. . . .And the fact that the action is brought in a state other than that designated in the contract affords ground for holding that the forum is an appropriate one and the court in its discretion should refuse to entertain the action. . . .On the other hand, the provision will be given effect, and the action dismissed, if to do so would be fair and reasonable."
Restatement (Second) of Conflict of Laws 80, comment a (1988).
The choice of forum clause in the parties' lease agreement is not on its face unconscionable, nor does it indicate the existence of disproportionately unequal bargaining power. The provision merely acts to provide for the possibility that litigation will occur in New Jersey, but it does not define New Jersey as the exclusive venue or jurisdiction that will apply. The defendants are residents of Connecticut, and they do not contend that the Connecticut forum is "gravely or unfairly inconvenient." United States v. Bohart, supra 43. The contractual provision fairly apprised the defendants that they could be sued in any court having lawful jurisdiction over the dispute.
CONCLUSION
The defendants' motion to dismiss is therefore denied.
ANTHONY V. DeMAYO, JUDGE