[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
This action is the defendants' motion to dismiss the plaintiff's complaint on the grounds of lack of subject matter jurisdiction and improper service of process.
FACTS
On December 12, 1992, the plaintiff, Planning and Zoning Commission of Lebanon (hereinafter "PZC"), filed a CT Page 4493 complaint against the defendants, Leigh and Sarah Rider (hereinafter "Riders") and Paul Palmer (hereinafter "Palmer"). The plaintiff alleges in the complaint that the Riders own property in Lebanon known as Lake William Campground, a/k/a Kanter's Kampground. The plaintiff also alleges that the Riders reside in a camper on the property. The plaintiff further alleges that Palmer resides in a camper on the property. According to the complaint, pursuant to section 4.2b 12(d) of the Zoning Regulations of the Town of Lebanon (hereinafter "Zoning Regulations"), property used as campgrounds must be devoted to seasonal use and shall not be used during the period from October 15th to April 15th. The plaintiff alleges that the defendants are occupying the property in violation of this section of the Zoning Regulations. On October 20, 1992, the PZC, through the town zoning enforcement officer (hereinafter "ZEO"), issued an "Order to Discontinue Use" to the defendant, Leigh Rider, ordering Rider to cease camping and allowing camping at the subject premises. A similar order was issued to Palmer on the same date ordering Palmer to cease camping at the subject premises. The PZC alleges that notwithstanding the above mentioned cease and desist orders, the defendants continue to occupy and reside in campers on the property in violation of the Zoning Regulations. The plaintiff filed its complaint seeking, in part, civil penalties in the amount of $250 from each of the defendants and a mandatory injunction directing and ordering the defendants to cease occupying and/or allowing others to occupy the property at times prohibited by section 4.2b 12(d) of the Zoning Regulations.
On February 23, 1993, the defendants filed a motion to dismiss the complaint on the following grounds:
 (1) Service of the cease and desist orders did not comply with statutory provisions for service of process;
 (2) The plaintiff's institution of the action for an injunction improperly bypasses the administrative remedy of allowing the defendants to appeal the cease and desist order to the Lebanon Zoning Board of Appeals (hereinafter "ZBA"). CT Page 4494
Attached to the motion are copies of the cease and desist orders issued to the defendants. also attached was a memorandum of law in support of the motion. On March 2, 1993, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss. In it, the plaintiff argues that the town can initiate an action for injunction pursuant to General Statutes 8-12 to enforce a zoning regulation either before or after the issuance of a cease and desist order. Further, the plaintiff argues that a cease and desist order is not a process and the statutory provision for the service of process does not apply to a cease and desist order.
DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682,687, 490 A.2d 509 (1985). "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong." Bank of Babylon v. Quirk, 192 Conn. 447, 449, 472 A.2d 21
(1984). "`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power.'" (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988).
I. Injunctions for the enforcement of zoning regulations.
General Statutes 8-12 provides, in pertinent part:
 If any building or structure has been erected, constructed, altered, converted or maintained, or any building, structure or land has been used, in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such . . . use or to restrain, correct or abate such violation or to prevent the CT Page 4495 occupancy of such building, structure or land, or to prevent any illegal act, conduct, business or use in and about such premises. Such regulations shall be enforced by the officer or official board or authority designated therein, who shall be authorized to . . . order in writing the remedying of any condition found to exist therein or thereon in violation of any provision of the regulations made under the authority of the provisions of this chapter . . . . The owner or agent of any building or premises where a violation of any provision of such regulations has been committed or exists, or the lessee or tenant of an entire building or entire premises where such violation has been committed or exists, or the owner, agent, lessee or tenant of any part of the building or premises in which such violation has been committed or exists, or the agent, architect, builder, contractor or any other person who commits, takes part or assists in any such violation or who maintains any building or premises in which any such violation exists, shall be fined not less than ten nor more than one hundred dollars for each day that such violation continues; but, if the offense is wilful, the person convicted thereof shall be fined not less than one hundred dollars nor more than two hundred and fifty dollars for each day that such violation continues, or imprisoned not more than ten days for each day such violation continues or both; and the superior court shall have jurisdiction of all such offenses subject to appeal as in other access. Any person who, having been served with an order to discontinue any such violation, fails to comply with such order within ten days after such service, or having been served with a cease and desist order with respect to a violation CT Page 4496 involving grading of land, removal of earth, or soil erosion and sediment control, fails to comply with such order immediately, or continues to violate any provision of the regulations made under authority of the provisions of this chapter specified in such order shall be subject to a civil penalty not to exceed two thousand five hundred dollars, payable to the treasurer of the municipality.
In the instant case, the PZC alleges that the defendants are in violation of 4.2b 12(d) of the Zoning Regulations which allows camping on the subject property only between April 15th and October 15th. The PZC issued a written "Order to Discontinue Use" to the defendant, Leigh Rider, on October 20, 1992 ordering Rider to cease camping and allowing camping at the subject premises. A similar order was issued to Palmer on the same date ordering Palmer to cease camping at the subject premises. The defendants ignored these orders. The defendants could have appealed the orders to the ZBA pursuant to General Statutes 8-6 and 8-7, but they did not do so. In such a case, injunctive relief is appropriate to enforce a valid order to cease and desist a violation of the zoning ordinances. Planning Zoning Commission v. Desrosier, 15 Conn. App. 550, 559, 545 A.2d 597
(1988). A municipality has the right to have its orders enforced by an injunction merely by establishing a violation of its regulations; enactment of the regulation presumes injury if it is not obeyed. Conservation Commission v. Price, 193 Conn. 414, 429, 479 A.2d 187 (1984).
The Superior Court has jurisdiction over the issue of whether the defendants are in violation of the Zoning Regulations. Therefore, as to the issue of subject matter jurisdiction, the court hereby denies the defendants' motion to dismiss the PZC's complaint. The Superior Court finds that the defendants are in violation of the Zoning Regulations. Accordingly, injunctive relief may be granted.
II. Service of the "Order to Discontinue Use."
The defendants argue that the PZC's "Order to Discontinue Use" must be served in accordance with the CT Page 4497 statutory provisions for service of process. An order to discontinue use is not "process" as set forth in General Statutes 52-50. Therefore, the PZC need not serve the order in accordance with those provisions. In the instant case, the order was served on the defendants by the ZEO. There is no evidence that the defendants did not receive the order or received it at a point prejudicial to any of their rights of appeal. Therefore, as to the issue of improper service, the court denies the defendants' motion to dismiss the complaint.
CONCLUSION
The defendants' motion to dismiss is denied both on grounds of lack of subject matter jurisdiction and improper service of process.
Hurley, J.