[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is the defendants', the Groton Board of Education (hereinafter "BOE") and the Groton Education Association (hereinafter "GEA"), motion to dismiss the substitute amended complaint filed by the plaintiff, Suzanne C. Wierzbinski.
FACTS
On September 4, 1989, the plaintiff filed a two-count substitute amended complaint against the defendants. In count one, directed at the BOE, the plaintiff alleges that she has been employed by the BOE since 1967 as a fine arts and language arts instructor. In the 1976-77 school year the plaintiff's position as an art instructor was eliminated and the plaintiff was transferred involuntarily to a language arts position. In 1988 an art instructor position became available at Fitch Senior High School. The plaintiff applied for the position and, although, she alleges she fulfilled all of the application requirements and was CT Page 4973 qualified, the plaintiff was not offered the position. The plaintiff alleges that the BOE breached various provisions of said contract when she was not selected for the open art instructor position.[1] During this period (1988-89), the plaintiff was a member of the GEA, a bargaining unit of the union which had a contract in effect with the BOE. After being turned down for the art instructor position, the plaintiff instituted grievance procedures against the BOE, through the GEA. The plaintiff alleges that the GEA failed to pursue the grievance through arbitration against the defendant BOE. The plaintiff further alleges that the BOE breached the provisions of the contractual grievance procedures by "failing to meet time limits, communicate with the plaintiff, schedule hearings appropriately and cooperate with the defendant GEA." (Pleadings, Plaintiff's substitute amended complaint). In the second count, directed against the GEA alone, the plaintiff realleges the above facts and further alleges that the GEA "instituted grievance procedures but unfairly abandoned the same without just cause, all of said conduct in bad faith and prior to submission to arbitration and on the pretext that the plaintiff was bound to lose her case." (Pleadings, Plaintiff's substitute amended complaint). Based on this allegation, the plaintiff asserts that the GEA breached its duty of fair representation owed to the plaintiff. The plaintiff seeks specific performance and money damages.
On March 5, 1993, the defendants filed a joint motion to dismiss the plaintiff's complaint on the ground that the plaintiff failed to exhaust her remedies under the collective bargaining agreement before bringing her complaint against the defendants in the court. Attached to the motion was a memorandum of law. In it the defendants state that the collective bargaining agreement establishes a progressive multi-level grievance hearing procedure. After a hearing before the superintendent of schools, the next step in the procedure was a hearing before the BOE. The defendants allege that after the hearing before the superintendent a hearing before the BOE was scheduled for November 1, 1989. The defendants allege the November 1, 1989 hearing was postponed at the plaintiff's request. The defendants further allege that neither the plaintiff nor her lawyer requested the BOE to reschedule the hearing. Instead, the plaintiff brought this suit in the Superior Court. The defendants argue that the plaintiff has failed to exhaust her remedies CT Page 4974 under the collective bargaining agreement, namely the third stage in the grievance procedure, a hearing before the BOE. Therefore, the defendants argue that the court does not have jurisdiction over the action. Attached to the memorandum were several exhibits including:
 (1) The affidavit of John Vuono, personnel director for the BOE, in which the affiant states that the November 1, 1989 hearing before the BOE was canceled at the plaintiff's request and no request for rescheduling was ever made.
 (2) A copy of the collective bargaining agreement between the BOE and the GEA.
On April 21, 1993, the plaintiff filed memorandum of law in opposition to the defendants' motion to dismiss. In it the plaintiff argues that the hearing before the BOE was first postponed by the superintendent of schools. The, plaintiff attached a letter dated October 9, 1989 from the superintendent of schools to the GEA representative which states as follows:
 I am writing to request a waiver of the time constraints in the BOE's hearing of the grievance of Suzanne Wierzbinski. A date for the full Board to meet for this purpose has not been able to be arranged. A meeting date will be arranged as soon as possible, and I will be in touch with you with this information.
The plaintiff further states that she, through her attorney, spoke with and sent correspondence to various union official requesting that they pursue the plaintiff's grievance against the BOE. Two letters dated April 6, 1990 and April 30, 1990, from the plaintiff's attorney to the GEA, are attached to the plaintiff's memorandum of law. These letters detail the plaintiff's requests to the GEA for information as to the status of the plaintiff's grievance. Also attached to the memorandum is the deposition testimony of the plaintiff which describes her interaction with both the GEA and the BOE in regard to her grievance. The plaintiff argues, based on her representation of the facts, that the defendants' exhaustion CT Page 4975 argument is in error because the defendant GEA's inaction forced the plaintiff to file suit and abandon the grievance procedure.
DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682,687, 490 A.2d 509 (1985). "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong." Bank of Babylon v. Quirk, 192 Conn. 447, 449, 472 A.2d 21
(1984). "`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power.'" (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988).
When the motion to dismiss does not seek to introduce facts beyond the record, it admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). Where appropriate, a party shall file supporting affidavits as to facts not apparent on the record. Practice Book 143. Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. Barde, supra. "When issues of fact are necessary to the determination of the court's jurisdiction, due process requires that a trial-like hearing be held in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d (1983).
I. Count one-defendant BOE.
In count one, the plaintiff asserts a cause of action for breach of contract against the defendant BOE. The defendants argue that the plaintiff has failed to exhaust the remedies set forth in the collective bargaining agreement. Specifically, the defendants argue that the plaintiff has failed to pursue her grievance through the four-step CT Page 4976 procedure set forth in the collective bargaining agreement. The plaintiff argues that the exhaustion requirement should not apply in her case because she was prevented from pursuing the grievance procedures by the GEA'S refusal to bring her grievance to the BOE.
In Spadola v. Amity Regional Board of Education,7 CSCR 1342 (October, 16, 1992, Levin, J.), a teacher brought an action against the board of education regarding a compensation dispute. The collective bargaining agreement between the plaintiff and the defendant, which made the plaintiff's union an exclusive bargaining agent for the plaintiff, also had provisions for a four-step grievance procedure. The plaintiff's union refused to submit the grievance to arbitration which is the fourth step in the grievance process. When the plaintiff brought a civil action directly against the board of education, the board moved to dismiss on the ground of failure to exhaust contractual remedies. After examining state and federal case law, statutes and relevant public policy, the court held that a plaintiff may maintain a civil action against an employer "in the face of a defense based on failure to exhaust contractual terms" where the union, as an exclusive bargaining agent, refuses to pursue a grievance and the plaintiff alleges that the union breached its duty of fair representation and joins the union as a defendant in the action. Id., 1346.
In the instant case, the plaintiff joined a claim against her union for breach of the duty of air representation in the complaint against the BOE for breach of contract. Given these facts, the court finds that the defendants cannot raise exhaustion as a defense to the plaintiff's civil action. Therefore, the doctrine of exhaustion does not deprive this court of jurisdiction over the plaintiff's action set forth in the first count and the defendants' motion to dismiss is hereby denied.
II. Count two-defendant GEA.
In count two, the plaintiff asserts a cause of action for breach of the defendant unions' duty of fair representation of the plaintiff. "If a union fails to submit a meritorious grievance to arbitration, an employee may sue the union for breach of its duty of fair representation." CT Page 4977 Tedesco v. Stamford, 222 Conn. 233, 248, 610 A.2d 574 (1992). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903,17 L.Ed.2d 842 (1967) cited with approval in Spadola v. Amity Regional Board of Education, supra.
There is no evidence on the record nor have the parties cited any cases that the plaintiff was required to exhaust any alternative remedies before bringing a suit for breach of the duty of fair representation against her union. The court has jurisdiction over the cause of action in count two of the plaintiff's complaint which states a cause of action against the defendant GEA for breach of its duty of fair representation. Therefore, the court hereby denies the defendants' motion to dismiss count two.
Hurley, J.