[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS OF DEFENDANT SCRRRA CT Page 6176
The plaintiff is UNC, Incorporated (hereinafter "UNC"). The defendants are the State of Connecticut Department of Environmental Protection (hereinafter "DEP") and the Southeastern Connecticut Regional Resource Recovery Agency (hereinafter "SCRRRA").
On January 12, 1993, UNC filed an appeal from the decision of the DEP to approve SCRRRA's application for various permits to construct and operate a solid waste disposal facility in Montville for the disposal of ash residue from resource recovery facilities in the State of Connecticut. On March 18, 1993, SCRRRA filed a motion to dismiss the plaintiff's appeal on the following grounds:
 (1) The court lacks subject matter jurisdiction because the plaintiff has failed to allege that it exhausted its administrative remedies; and
 (2) The plaintiff has not pled a specific statutory basis for its appeal as required by Practice Book 109A(a).
Each party filed a memorandum of law. The plaintiff argues first that there is no requirement that the plaintiff allege exhaustion of administrative remedies. The plaintiff argues that its appeal is brought pursuant to the General Statutes 4-183, the Uniform Administrative Procedures Act (hereinafter the "UAPA") and that the UAPA does not require that a person appealing from an agency decision be a party or an intervenor in the earlier proceeding. The plaintiff argues that a person must only be aggrieved by an agency decision to bring an appeal. The plaintiff asserts that it has pled and will prove at trial that it is aggrieved by the DEP's decision. The plaintiff also argues that although it has not pled exhaustion, it has in fact exhausted its administrative remedies. The plaintiff asserts that it attempted to intervene in the permit proceedings but that its intervention was denied by the DEP. After this denial, the DEP issued its final decision on the permits. The plaintiff argues CT Page 6177 therefore, that there is no possible recourse by which UNC can obtain administrative relief regarding the issuance of the permits.
As to the issue of the sufficiency of the notice of the statutory basis for the appeal, the plaintiff argues that the requirements of Practice Book 109A(a) are directory rather than mandatory. The plaintiff further argues that it has set forth sufficient facts to establish that the appeal is brought pursuant to General Statutes 4-183. The plaintiff further asserts that it has requested leave to amend its appeal to reference General Statutes 4-183 as the statute upon which its appeal is based.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682,687, 490 A.2d 509 (1985). "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong." Bank of Babylon v. Quirk, 192 Conn. 447, 449, 472 A.2d 21
(1984). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988).
A. The Exhaustion Requirement
General Statutes 4-183(a) states in part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." The exhaustion doctrine implicates subject matter jurisdiction; therefore, the court must decide as a threshold matter whether the doctrine requires that the plaintiff's claim be dismissed. Pet v. Department of Health Services,207 Conn. 346, 350-51, 542 A.2d 672 (1988).
While a plaintiff must prove exhaustion, SCRRRA cites no authority, nor could the court find any, to support the proposition that exhaustion must be specifically pled. The defendant cites to Bakelaar v. West Haven, 193 Conn. 59,65, 475 A.2d 283 (1984), in support of its argument that CT Page 6178 exhaustion must be specifically pled and proven. The court in Bakelaar addressed the issue of whether aggrievement must be pled and proven and answered that question in the affirmative.[1] That case did not address the issue of pleading or proving exhaustion and is inapposite.
See also New England Rehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120, ___ A.2d ___ (1993), where the court, while discussing General Statutes4-183(a), stated: "Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." (internal citations omitted) (emphasis added) No mention was made that one appealing must also plead and prove exhaustion of administrative remedies.
It is evident, however, that the issue of exhaustion must be addressed at this juncture because it implicates subject matter jurisdiction. UNC is appealing from the final decision of a state agency, the DEP, approving SCRRRA's application for permits to conduct regulated activities[2] pursuant to General Statutes 22a-430. The appeal alleges that on December 11, 1992, several days prior to the DEP's approval of SCRRRA's application, UNC's petition to intervene as a party to the application proceedings pursuant to Regulations of Connecticut State Agencies 22a-3a-1(a)(5), was denied by the DEP.[3] Even if it is necessary to plead exhaustion of administrative remedies, this is a sufficient allegation. UNC had but one remedy to exhaust, intervention pursuant to Regulations of Connecticut State Agencies 22a-3a-1(a)(5). Once intervention was denied by the DEP, UNC had no other administrative remedy to pursue and SCRRRA suggests none. Accordingly, SCRRRA's argument fails because UNC has sufficiently pled that it has exhausted its administrative remedies and the court therefore has jurisdiction over the subject matter of the appeal. B. Pleading a Statutory Basis for An Appeal. Practice Book 109A(a) provides:
 When any claim made in a complaint, cross complaint, special defense, or CT Page 6179 other pleading is grounded on a statute, the statute shall be specifically identified by its number.
This rule is directory rather than mandatory, and a failure to strictly comply with 109A does not invalidate the plaintiff's appeal. Rowe v. Godou, 209 Conn. 273, 275,550 A.2d 1073 (1988). In this case, UNC did not precisely identify in its appeal the statute upon which it was based. This omission is not a jurisdictional defect that would support the DEP's motion to dismiss.[4] Accordingly, this argument of SCRRRA also fails.
The motion to dismiss is therefore denied.
Teller, J.