569 S.E.2d 343

James L. FLOYD, Jr., as parental guardian of James Leon Floyd, III, Ronald Dendy, as parental guardian of April B. Dendy, K. Wayne Nix, as parental guardian of Kenneth Lance Nix, Michael Wooten, as parental guardian of Erica Page Wooten, Dennis Springs, as parental guardian of Dennis Holmes Springs, Jr., David Williamson, Jr., as parental guardian of David Thomas Williamson, III, Richard Dean Swanson, as parental guardian of John David Swanson, Sherry Hill Ballard, as parental guardian of Jonathan Eric Ballard, Donald Stephen Lathrom, as parental guardian of Andrew Kirk Lathrom, Petitioners,

v.

**HORRY COUNTY SCHOOL DISTRICT, Respondent.**

No. 25517.

Supreme Court of South Carolina.

Heard June 11, 2002.

Decided Aug. 19, 2002.

J. Jackson Thomas and Emma Ruth Brittain, of The Thompson Law Firm, of Myrtle Beach, for petitioners.

Kenneth L. Childs, John M. Reagle, and Keith R. Powell, of Childs & Halligan, P.A., of Columbia, for respondent.

Justice MOORE.

■ We granted a writ of certiorari in this school suspension case to review the Court of Appeals' unpublished opinion construing our decision in *Byrd v. Irmo High School,* 321 S.C. 426, 468 S.E.2d 861 (1996). Although this appeal from an order granting a temporary injunction is moot, in the interest of judicial economy we address the merits and affirm the result reached by the Court of Appeals.[1]

---

1. Where a temporary injunction has expired, as here, the issue is moot. *Curtis v. State,* 345 S.C. 557, 549 S.E.2d 591 (2001). We may, however,

## FACTS

Petitioners are the parents of former Socastee High School students (Students). Socastee High School is located in Horry County within respondent Horry County School District (District). Students, who were seniors at the time, admitted to vandalizing another high school on December 11, 1998.[2] On December 18, they were advised by the school principal they would be suspended from school for three days.

Before the suspension was implemented, Students brought this action for injunctive relief in circuit court. As a preliminary matter, the circuit court granted a temporary injunction. District appealed to the Court of Appeals and sought a supersedeas of the temporary injunction. On April 28, 1999, the Court of Appeals superseded the temporary injunction effective May 12, 1999.[3] The three-day suspension was subsequently implemented.

On the merits of District's appeal of the temporary injunction, the Court of Appeals found in an unpublished opinion, with one dissenter, that the appeal was not moot but that the circuit court has no subject matter jurisdiction over short-term student suspensions under *Byrd, supra.* Accordingly, the Court of Appeals vacated the temporary injunction.

## ISSUES

1. Does *Byrd* preclude any action in circuit court challenging a temporary student suspension?
2. Were the standards of *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), met in this case?

## DISCUSSION

Students contend the Court of Appeals erred in holding the circuit court has no subject matter jurisdiction over these

---

address the merits for the sake of judicial economy. *Id.* Our decision today disposes of the underlying cause of action in this case.

**2.** Students spray-painted graffiti on buildings, sidewalks, school buses, and tennis courts and trashed the school grounds. The cost of clean-up was at least $800.

**3.** Meanwhile, Students' administrative appeal to District's agent as provided by District policy was denied.

three-day student suspensions. We agree in part and now clarify that our decision in *Byrd* allows for limited judicial review.

In *Byrd*, we explicitly held that our statutory scheme does not provide for judicial review of temporary student suspensions that are for ten days or less.[4] We further stated the policy reasons for precluding judicial review of temporary student suspensions:

> If students and parents were allowed to appeal every short-term suspension, then circuit courts could be flooded potentially with thousands of such cases. Not only would this place a severe strain on an already overburdened judicial system, but perhaps more importantly, the limited financial and human resources of schools and school districts would be deleteriously affected if every student suspension had to be defended through the court system.

321 S.C. at 435–36, 468 S.E.2d at 866–67. We reiterate our adherence to this policy but find limited judicial review appropriate.

The United States Supreme Court has recognized a student's legitimate entitlement to a public education as a property interest protected by the Due Process Clause of the federal constitution; further, a student's standing with fellow pupils and teachers is a protected liberty interest. *Goss v.*

---

4. The applicable provisions are S.C.Code Ann. §§ 59–63–210 through—230 (1990). Section 59–63–210 sets forth the reasons a district board of trustees may authorize suspension, including "for violation of written rules and promulgated regulations established by the district board." Section 59–63–220 provides that the district board may confer upon any administrator the authority to suspend a student for a maximum of ten days for any one offense. Finally, § 59–63–230 provides the applicable suspension procedure:

> When a pupil is suspended from a class or a school, the administrator shall notify, in writing, the parents or legal guardian of the pupil, giving the reason for such suspension and setting a time and place when the administrator shall be available for a conference with the parents or guardian. The conference shall be set within three days of the date of the suspension. After the conference the parents or legal guardian may appeal the suspension to the board of trustees or to its authorized agent.

No further appeal is authorized by statute.

*Lopez, supra.* The minimal process constitutionally due a student for a suspension of ten days or less is: 1) oral or written notice of the charges; 2) an explanation of the evidence; and 3) an opportunity to present his or her side of the story. *Id.* at 579, 95 S.Ct. 729, 42 L.Ed.2d 725. Consistent with these due process rights,[5] we hold one may appeal to circuit court for the sole purpose of challenging a temporary school suspension under *Goss v. Lopez.* If the minimal procedural standards of *Goss v. Lopez* are met, the suspension shall be affirmed.[6]

■ Here, Students allege District did not follow its own suspension policies. They allege they were deprived of the independent administrative review provided under District policy because the principal suspended them at the direction of the District superintendent whose office was responsible for reviewing the principal's decision.[7] However, Students clearly received notice, an explanation, and an opportunity to respond, which is all the process due in a temporary student suspension case under *Goss v. Lopez.* Accordingly, we affirm the Court of Appeals' decision vacating the temporary injunction.

**AFFIRMED IN RESULT.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

5. *See also* S.C. Const. art. I, § 2 ("nor shall any person be deprived of life, liberty, or property without due process of law").

6. We note that in *Byrd,* we found no subject matter jurisdiction but analyzed the case under *Goss v. Lopez* in any event.

7. The administrator reviewing their claim found the District had not violated any policy, the procedure was fair, and the suspensions were warranted.