THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
J. Gregory Studemeyer as guardian ad litem for J. Bradley
Studemeyer, a minor under the age of fourteen (14) years, on behalf of himself and all others similarly situated,
Appellant,
v.
Cathy W. Jackson, James R. Shirley, and School District Five of Lexington and Richland Counties, Respondents.
 
 
 

Appeal From Richland County
 Paul M. Burch, Circuit Court Judge
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No.
2006-UP-209
Submitted April 1, 2006  Filed April 17, 2006 

AFFIRMED

 
 
 
Joseph Gregory Studemeyer, for Appellant. 
Andrea E. White and Kathleen A. Martin, of Columbia, for Respondents.
 
 
 

PER CURIAM:  This case involves a one-day in-school suspension of a fifth grade student.  After the suspension was served, the students father filed a class action lawsuit raising various allegations against the school district, the principal, and the administrative assistant who suspended the student.  The circuit court granted the districts motion to dismiss the class allegations and then granted it summary judgment.  We affirm.[1]  
1.       The circuit courts jurisdiction in school suspension cases is limited.  Byrd v. Irmo High School, 321 S.C. 426, 435, 468 S.E.2d 861, 866 (1996) (holding that the courts lack subject matter jurisdiction to review suspensions of less than ten days); Floyd v. Horry County School Dist., 351 S.C. 233, 237, 569 S.E.2d 343, 345 (2002) (holding that suspensions may only be appealed for the limited purpose of satisfying minimal procedural due process requirements, including:  1) oral or written notice of the charges; 2) an explanation of the evidence; and 3) an opportunity to present [the students] side of the story).  
2.       Studemeyer admits his son was given notice, an explanation, and an opportunity to be heard.  We therefore find that the school board complied with the requirements of procedural due process by holding an informal hearing.  Byrd, 321 S.C. at 437, 468 S.E.2d at 867 (holding that an informal give-and-take between the student and disciplinarian is sufficient).  
3.       We decline to address the remaining issues.  See Whiteside v. Cherokee County School Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (holding that an appellate court need not address remaining issues when resolution of a prior issue is dispositive).   
AFFIRMED. 
HEARN, C.J., ANDERSON, and KITTREDGE, JJ., concur. 

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.