650 S.E.2d 464

**PEE DEE REGIONAL TRANSPORTATION, Employer, and State Accident Fund, Appellants,**

v.

**S.C. SECOND INJURY FUND, Respondent,**

**In re Clinton Gaskins, Jr., Employee/Claimant,**

v.

**Pee Dee Regional Transportation, Employer,**

and

**State Accident Fund, Carrier.**

Supreme Court of South Carolina.

Aug. 24, 2007.

## ORDER

On July 13, 2007, appellants served and filed a notice of appeal in the Court of Appeals and with the Florence County Clerk of Court from an order of the South Carolina Workers' Compensation Commission dated June 20, 2007. The appeal pending before the Court of Appeals was certified to this Court pursuant to Rule 204(b), SCACR, by order dated August 3, 2007. Appellants have now filed a Motion to Determine Jurisdiction and Alternatively for an Extension of Time to File Appellants' Initial Brief. Therein, appellants ask this Court to make a determination as to the proper jurisdiction for this appeal.

S.C.Code Ann. § 42–17–60 (Supp.2006) previously provided that an appeal from a decision of the Workers' Compensation Commission shall be to the Court of Common Pleas in the county in which the alleged accident occurred or in which the employer resides or has his principal office. On June 25, 2007, the statute was amended by 2007 Act No. 111 to require such appeals be made to the Court of Appeals. However, Part IV, Section 2 of Act 111 states the following: "Except as otherwise provided for in this act, this act takes effect July 1, 2007,

or, if ratified after July 1, 2007, and except otherwise stated, upon approval by the Governor and *applies to injuries that occur on or after this date."* (Emphasis added).

The cardinal rule in interpreting Act 111 is to ascertain and effectuate the intent of the Legislature. *Davis v. School Dist. of Greenville County,* 374 S.C. 39, 647 S.E.2d 219 (2007). Where the language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the Court has no right to impose another meaning. *State v. Pittman,* 373 S.C. 527, 647 S.E.2d 144 (2007).

The language of Act 111 is not ambiguous and clearly states that it applies only to injuries that occur on or after July 1, 2007. Therefore, the change regarding the appeal procedure, like all other provisions of the Act, is only applicable to Workers' Compensation cases in which the injury occurred on or after July 1, 2007.

The injury at issue in the case at hand occurred on January 30, 2002, clearly prior to July 1, 2007. Accordingly, the amendments set forth in Act 111 do not apply and, applying the former version of section 42–17–60, jurisdiction over this appeal lies in the Court of Common Pleas. We therefore dismiss the notice of appeal filed in the Court of Appeals and certified to this Court, and the appeal shall instead proceed as filed in the Court of Common Pleas. Appellants' request to hold the timelines for this appeal in abeyance or, in the alternative, to grant them an extension of time to file their initial brief, is denied as moot.

IT IS SO ORDERED.

/s/Jean H. Toal, C. J.

/s/James E. Moore, J.

/s/John H. Waller, Jr., J.

/s/E. C. Burnett, III, J.

/s/Costa M. Pleicones, J.