668 S.E.2d 795

**Thomas E. SKINNER, Respondent,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Appellant.**

**No. 26560.**

Supreme Court of South Carolina.

Heard Sept. 16, 2008.

Decided Nov. 3, 2008.

Donald L. Van Riper, of Collins & Lacy, of Greenville, for Appellant.

Jeffrey T. Eddy, of Charleston, for Respondent.

Justice KITTREDGE.

This appeal concerns the appellate jurisdiction of the circuit court in an appeal from the Workers' Compensation Commis-

sion. Appellant Westinghouse Electric Corporation filed its appeal in the circuit court on August 2, 2006 and served its notice of appeal on the commission on October 16, 2006. Because service on the commission was not accomplished within thirty days of the filing of the appeal, the circuit court determined that it lacked subject matter jurisdiction. The circuit court dismissed the appeal. We reverse.[1]

## I.

Respondent Thomas Skinner filed this workers' compensation claim on June 7, 2004, for pulmonary problems and related injuries allegedly caused by inhalation of asbestos dust and toxic fumes while employed with Westinghouse. A single commissioner awarded the claimant a lump sum of $119,159.66 and the full amount of causally-related medical bills, past and future. Westinghouse appealed to the commission. The commission affirmed the order and award of the single commissioner on July 18, 2006.

Westinghouse filed a notice of appeal with the circuit court on August 2, 2006. Westinghouse did not serve the commission until October 16, 2006, more than thirty days after the filing of the appeal in circuit court. The circuit court held the service on the commission was untimely and stripped the circuit court of subject matter jurisdiction to hear the appeal. The circuit court dismissed the appeal.

## II.

██ We agree with Westinghouse that the dismissal of its appeal was in error.

██ We note initially that any perceived error did not impact the circuit court's subject matter jurisdiction. "Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.' " *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237–38, 442

---

1. Significantly, this appeal is not governed by current law. This case predated Act 111, 2007 S.C. Acts 111, which requires appeals from the Workers' Compensation Commission to go directly to the Court of Appeals if the injury occurred on or after July 1, 2007. The claimant brought this claim on June 7, 2004.

S.E.2d 598, 600 (1994) (quoting *Bank of Babylon v. Quirk*, 192 Conn. 447, 472 A.2d 21, 22 (1984)). In *Great Games, Inc. v. South Carolina Department of Revenue*, 339 S.C. 79, 83 n. 5, 529 S.E.2d 6, 8 n. 5 (2000), this Court observed that "[t]he failure of a party to comply with the procedural requirements for perfecting an appeal may deprive the court of 'appellate' jurisdiction over the case, but it does not affect the court's subject matter jurisdiction." *See also State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004). As this case deals with the failure to serve the notice of appeal on the commission within thirty days and the circuit court heard this case in its appellate capacity, the circuit court erred in ruling it lacked subject matter jurisdiction.

The circuit court relied substantially on Rule 74, SCRCP, in determining that it lacked jurisdiction. The South Carolina Rules of Civil Procedure provide no guidance in determining the jurisdiction of the circuit court. Rule 82(a), SCRCP, states "[t]hese [civil procedure] rules shall not be construed to extend or limit the jurisdiction of any court of this State. . . ." Therefore, the thirty-day time period referenced in Rule 74 may not be construed as jurisdictional.[2] *See also* Rule 75, SCRCP, Notes. Our jurisprudence confirms that jurisdictional appealability issues are governed by statute, and not by the rules of civil procedure. *N.C. Fed. Sav. & Loan Ass'n v. Twin States Dev. Corp.*, 289 S.C. 480, 481, 347 S.E.2d 97, 97 (1986) (rejecting an attempt to invoke a rule of civil procedure as a basis of the right to appeal and holding, "[t]he right of appeal arises from and is controlled by statutory law"). *See also* S.C.Code Ann. § 14–3–330 (Supp.2007) (primary statute addressing appellate jurisdiction).

We now turn to the applicable statutes to determine if Westinghouses service on the commission more than thirty days following the filing of the appeal divested the circuit court of appellate jurisdiction.

---

2. Rule 74 refers to controlling statutorily imposed time periods—"the notice of intention to appeal shall be filed with the . . . administrative agency . . . within the time provided by the statute, or by this rule when no time is fixed by the statute." The nonjurisdictional default time period imposed by Rule 74 is thirty days.

■ Under the Administrative Procedures Act, section 1–23–380(A)(1) of the South Carolina Code (2005) fails to supply a clear deadline to serve an agency when it states: [3]

Proceedings for review are instituted by filing a petition in the circuit court within thirty days after the final decision of the agency or, if a rehearing is requested, within thirty days after the final decision thereon. Copies of the petition shall be served upon the agency and all parties of record.

To be sure, the commission must be served with a copy of the appeal petition, but the statute, from a jurisdictional standpoint, does not mandate such service within thirty days.[4] The reference to serving the agency is not associated with the filing deadline with the court.[5] *Cf. Canal Ins. Co. v. Caldwell,* 338 S.C. 1, 5–6, 524 S.E.2d 416, 418 (Ct.App.1999) (holding failure to file the notice of appeal with the court within thirty days deprives the appellate court of jurisdiction).

Next, we look to section 42–17–60 of the South Carolina Code of Laws (Supp.2006). Section 42–17–60 applies to workers' compensation cases and states, "either party to the dispute, *within thirty days* from the date of the award or within thirty days after receipt of notice to be sent by registered mail of the award, but not thereafter, may appeal from the decision of the commission to the court of common pleas. . . ." (empha-

---

3. In 2006 the General Assembly passed Act No. 387, 2006 S.C. Acts 387, which altered the procedure for appealing the decision of state agencies; however, the General Assembly addressed Workers' Compensation law subsequently in Act No. 111, 2007 S.C. Acts 111. Act 111 comprehensively reformed Workers' Compensation law in 2007. By order of this Court, the Workers' Compensation reform applied to injuries on or after July 1, 2007. *Pee Dee Reg'l Transp. v. S.C. Second Injury Fund,* 375 S.C. 60, 62, 650 S.E.2d 464, 465 (2007). Therefore, the law of this case predated the appellate procedural changes to Workers' Compensation law.

4. At the circuit court hearing, the able circuit judge appeared to concur in the lack of a statutory jurisdictional mandate: "Well, my first reaction is that the statute does not set a time frame for serving the agency, but the rule [74] appears to."

5. We recognize that prejudice may result from a delay in the serving of the agency, but no prejudice is alleged here. Respondent's final brief alludes only generally to the potential for prejudice. We, therefore, do not address the relationship between a nonjurisdictional procedural defect and resulting prejudice.

sis added). Again, the deadline for filing the notice of appeal with the circuit court is provided, but no mention of a deadline to serve the agency is given.

For the benefit of the bench and bar, we note that the same result would not be reached under the current law. Under the current law, the thirty-day deadline applies to service on an agency and proof of such service is required when a party files the notice of appeal with the Court of Appeals. The current version of section 1–23–380(A)(1), which became effective on July 1, 2006, states:

> Proceedings for review are instituted by serving and filing notice of appeal as provided *in the South Carolina Appellate Court Rules* within thirty days after the final decision of the agency or, if a rehearing is requested, within thirty days after the decision is rendered. Copies of the notice of appeal must be served upon the agency, the Administrative Law Court, and all parties of record.

(emphasis added).

Section 1–23–380(A)(1) thus references the South Carolina Appellate Court Rules. The key jurisdictional provision of the appellate court rules is found in Rule 203, SCACR, which became effective on May 3, 2007. Rule 203, as it now reads, provides a jurisdictional requirement to serve the agency within thirty days. Rule 203(b)(6), SCACR, provides:

> When a statute allows a decision of the administrative law court or agency (administrative tribunal) to be appealed directly to the Supreme Court or the Court of Appeals, *the notice of appeal shall be served on the agency,* the administrative law court (if it has been involved in the case) and all parties of record *within thirty (30) days after receipt of the decision.*

(emphasis added). Rule 203(d)(2)(B), provides in part that "[t]he notice of appeal shall be filed with the clerk of the appellate court within the time required to serve the notice of appeal under Rule 203(b)(6) ... accompanied by ... [p]roof of service showing the notice has been served on the agency." *See also* Rule 234(b), SCACR, ("The time prescribed by these Rules for performing any act except the time for serving the notice of appeal under Rules 203 and 207 may be extended or shortened by the appellate court.").

## III.

A review of the applicable law in 2006 yields the conclusion the thirty-day deadline only existed for service on the appellate court and not on the agency. Therefore, the circuit court erred in holding that it lacked subject matter jurisdiction as a result of Westinghouses failure to serve the commission within thirty days of the filing of the appeal. We reverse and remand to the circuit court for consideration of Westinghouses appeal.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.