677 S.E.2d 610

**Jane DOE, a high school student in Richland County School District Two, and her parent, Mary Doe, Respondents,**

v.

**RICHLAND COUNTY SCHOOL DISTRICT TWO, Appellant.**

No. 4521.

Court of Appeals of South Carolina.

Heard Jan. 8, 2009.

Decided March 25, 2009.

---

Kenneth L. Childs, Vernie L. Williams, and Jasmine S. Rogers, all of Columbia, for Appellant.

Kimaka Nichols–Graham and Thomas L. Bruce, both of Greenville, for Respondents.

HEARN, C.J.

The Richland County School District Two Board of Trustees (Board) expelled Jane Doe from high school for committing a sexual offense. The circuit court reversed, finding the Board's decision was not supported by substantial evidence and violated her due process rights. Richland County School District Two (District) appeals. We affirm.

## FACTS

Jane Doe, a fourteen-year-old high-school student, began the school year enrolled in the District's alternative school at Blythewood Academy (Academy). In August, the Academy suspended Doe for two days after she engaged in a verbal altercation with another student. Less than a month later, a video camera captured Doe following a male student into the boys' restroom. According to Doe, she entered the boys' restroom to retrieve a comb the student had taken from her. Doe remained in the boys' restroom for about a minute until another male student entered the restroom; then, Doe exited the restroom.

Following this incident, the Academy suspended Doe for ten days and recommended expulsion for the remainder of the

year. According to the Academy, Doe committed a sexual offense when she entered the boys' restroom with another male student.[1] In a letter to Doe, the District notified her of the Academy's recommendation, the date of the upcoming evidentiary hearing, and her procedural rights. Prior to the hearing, the District recorded over the videotape before Doe was allowed to view it. The school administrator and the hearing officer watched the tape prior to its destruction and reported only observing Doe enter the boys' restroom following a male student. The District did not present any additional evidence suggesting Doe committed a sexual offense. Nonetheless, the hearing officer found Doe committed a sexual offense and expelled her for the remainder of the year.

Doe timely appealed the hearing officer's decision to the Board. The Board, however, upheld the hearing officer's decision. Doe appealed the Board's decision to the circuit court pursuant to section 59–63–240 of the South Carolina Code (Supp.2008). The circuit court reversed, finding substantial evidence did not support the Board's decision to expel Doe for committing a sexual offense. In addition, the court found Doe's due process rights were violated. This appeal followed.

## STANDARD OF REVIEW

A school board's decision to expel a student from school "may be appealed to the proper court." S.C.Code Ann. § 59–63–240 (Supp.2008); *see Davis v. Sch. Dist. of Greenville County,* 374 S.C. 39, 44, 647 S.E.2d 219, 222 (2007) (stating the expulsion provision in the statute, unlike the suspension provision, expressly grants the student a right to appeal to the proper court). Judicial review of the school board's decision is limited to ascertaining whether the board's decision is supported by substantial evidence. *Laws v. Richland County Sch. Dist. No. 1,* 270 S.C. 492, 495, 243 S.E.2d 192, 193 (1978). However, this court cannot substitute its judgment for that of the educational authorities. *Id.*

---

1. "Sexual offense" is not defined by the District's Discipline Code. However, Level III Item 5 of the District's Discipline Code, JICDA–R, makes sexual offenses punishable by expulsion.

## LAW/ANALYSIS

According to the District, Doe's voluntary act of entering the boys' restroom with a male student amounted to a sexual offense. Thus, the District asserts, given this incident and Doe's prior disciplinary history, substantial evidence supports the Board's decision to expel her from school. The District complains the circuit court improperly substituted its judgment for that of school authorities in reversing the Board's decision. We disagree.

■ "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the Board reached or must have reached in order to justify its action." *Kizer v. Dorchester County Vocational Educ. Bd. of Trs.*, 287 S.C. 545, 548, 340 S.E.2d 144, 146 (1986).

■ Doe's prior acts of disruptive activity while a student at the District have no bearing on the analysis of the question before us. The District chose not to expel Doe for any of her prior transgressions and only expelled her for committing a sexual offense in violation of Level III Item 5 of the District's Discipline Code. Thus, the narrow question before us is whether the Board's decision to uphold the expulsion of Doe for committing a sexual offense is supported by substantial evidence.

■ The only evidence Doe committed a sexual offense was her voluntary entry into the boys' restroom for approximately one minute in pursuit of a male student. The school administrator and the hearing officer, the only individuals who viewed the videotape, reported observing no more than this. The record does not contain any evidence that Doe and the male student engaged in any sort of sexual activity or planned to do so. Furthermore, there was no statement from the male student or any other student that indicated anything sexual occurred. On these facts, we believe substantial evidence does not support the Board's decision to expel Doe.

Accordingly, the decision of the circuit court is therefore **AFFIRMED.**

SHORT, J., and KONDUROS, J., concur.