THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In Re:
 Terri Gallman, Respondent,
 
 
 

v.

 
 
 
 William Groce, Eutrilia G. Alewine, Joan
 Davis, Myrtle Lou G. Jones, Frances Lee
 Farmer, Carolyn Lee Comer, Paul Lee, Linda
 Lee, Wendy Lee, Charles Lee, Rhonda Lee,
 Donald Lee, Kathie Gallman, John O. Gallman,
 III., Randall Gallman, Joe Gallman, Helen
 Groce Southards, Joanne Groce Suits,
 Patricia Groce Wall, Sam Roberts, Buddy
 Roberts, Virginia Sally, Linda Groce, Dennis
 Groce, Reggie Cook and the Mary Martha
 Bible Class at First United Methodist
 Church at Hickory, North Carolina
 of which the Estate of Myrtle Lou G. Jones
 is the Appellant.
 
 
 

Appeal from Spartanburg County
Roger L. Couch, Circuit Court Judge
Unpublished Opinion No. 2010-UP-215
Submitted March 1, 2010 - Filed March
 15, 2010    
AFFIRMED

 
 
 
 Arthur H. McQueen, Jr. of Spartanburg, for Appellant.
 Michael Pack, Anthony H. Randall and James B. Drennan, III, of Spartanburg, for Respondent. 
 
 
 

PER
 CURIAM:  In
 this probate matter, the Estate of Myrtle Lou G. Jones challenges the circuit
 court's dismissal of its appeal from a probate court order for failure to serve
 the notice of intention to appeal on all parties.  On appeal, the Estate argues
 the circuit court erred in relying on section 62-1-308 of the South Carolina
 Code as the exclusive rule governing the procedural requirements for appeals
 from probate court and argues application of Rule 5(a) of the South Carolina
 Rules of Civil Procedure to probate court appeals would relieve Appellant of
 its requirement to serve a notice of intent to appeal on parties in default.[1]  
We
 affirm[2] the order of the circuit court pursuant to Rule 220(b)(2), SCACR, and the
 following authorities:  S.C. Code Ann. § 62-1-308(a) (2009) (requiring notice
 of intent to appeal be served on "all parties" within ten days after
 receipt of written notice of the appealed from order of the probate court); Rule 74, SCRCP
 (stating "the procedure on appeal to the circuit court from the judgment
 of an inferior court . . . shall be in accordance with the statutes providing
 such appeals."); Skinner v. Westinghouse Elec. Corp., 380 S.C. 91, 94, 668 S.E.2d 795,
 796 (2008) ("The
 South Carolina Rules of Civil Procedure provide no guidance in determining the
 jurisdiction of the circuit court."); In re Cretzmeyer, 365 S.C. 12,
 14, 615 S.E.2d 116, 116-17 (2005) (affirming the dismissal of appellant's
 appeal from a probate court order for failure to comply with procedural
 requirements of § 62-1-308); State v. Brown, 358 S.C. 382,
 387, 596 S.E.2d 39, 41 (2004) (noting that failure to comply with the
 procedural requirements for an appeal divests the court of appellate
 jurisdiction); Anderson
 v. State Farm Mut. Auto. Ins. Co., 314 S.C. 140, 143, 442 S.E.2d 179, 181
 (1994) (holding the words of a statute should be accorded their plain and
 ordinary meaning without resorting to subtle or forced construction to limit or
 expand a statute's operation).
AFFIRMED.
PIEPER,
 GEATHERS, JJ., and CURETON, A.J., concur.

[1] Appellant also
 challenges the failure of the probate court to render findings concerning the
 validity of Virginia Sally's acceptance of service and responsive pleadings. 
 Because Appellant failed to seek a ruling on these issues, these arguments are
 not preserved for appellate review.  See City of Rock Hill v.
 Suchenski, 374 S.C. 12, 16, 646 S.E.2d 879, 880 (2007) (holding issue
 raised to the circuit court when sitting in an appellate capacity was not
 preserved for appellate review where party did not seek a post-judgment ruling
 from the circuit court on the issue).
[2] We decide this
 case without oral argument pursuant to Rule 215, SCACR.