**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Robert W. Denton and Dr. John May, D/B/A Edusystems, a general partnership, Appellants,

v.

Denmark Technical College, Respondent,

v.

Dr. John K. Waddell, Third-Party Defendant.

Appellate Case No. 2012-207846

---

Appeal From Bamberg County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-485
Heard September 11, 2013 – Filed December 23, 2013

---

**AFFIRMED**

---

Timothy G. Quinn, of Quinn & Mason, LLC, of Columbia, for Appellants.

David T. Duff and Joseph Daniel Dickey, Jr., both of Duff, White & Turner, LLC, and Thornwell F. Sowell,

III and Robert E. Tyson, Jr., both of Sowell Gray Stepp
& Laffitte, LLC, all of Columbia, for Respondent.

**PER CURIAM:** Dr. Robert W. Denton and Dr. John May, doing business as Edusystems, appeal the circuit court's grant of summary judgment to Denmark Technical College (the College) in their action against the College for terminating their consulting contract and refusing to pay the remainder of the contract. The circuit court found the contract was not a valid sole source procurement and was not approved by the Budget and Control Board as was required because it was over $50,000. We affirm.

1.      We affirm the circuit court's order granting summary judgment in favor of the College. Denton and May claim the Consolidated Procurement Code divested the circuit court of jurisdiction over contract disputes involving a state entity. However, we find the circuit court had subject matter jurisdiction over the contract dispute. *See* S.C. Code Ann. § 15-77-50 (2005) (stating the "circuit courts of this State are hereby vested with jurisdiction to hear and determine all questions, actions and controversies"); *Skinner v. Westinghouse Elec. Corp.*, 380 S.C. 91, 93, 668 S.E.2d 795, 796 (2008) (defining subject matter jurisdiction as "the power to hear and determine cases of the general class to which the proceedings in question belong" (internal quotation marks omitted)). Moreover, Denton and May chose to file this case in circuit court. Their argument on appeal that the forum they chose does not have jurisdiction to hear the case is not only incorrect, but if accepted would necessarily result in the dismissal of the entire lawsuit. This case is distinguishable from *Unisys Corp. v. South Carolina Budget & Control Board Division of General Services Information Technology Management Office*, 346 S.C. 158, 551 S.E.2d 263 (2001). In *Unisys*, the State invoked the remedy provided in the Consolidated Procurement Code, 346 S.C. at 164, 551 S.E.2d at 267, and because of that the supreme court held the circuit court did not have jurisdiction to hear the same dispute over the same contract. *Id.* at 176-77, 551 S.E.2d at 273. Here, neither party invoked the procedures in the Consolidated Procurement Code. Thus, *Unisys* does not control. Therefore, the circuit court had the power to hear the case, and its jurisdiction was proper.

2.      Additionally, Denton and May claim they should not have been required to comply with the Consolidated Procurement Code. Instead, they argue the College, as the governmental entity, is responsible for compliance with the Code. However, we find Denton and May were obligated to meet the terms of the Consolidated Procurement Code. *See Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174,

177-78, 420 S.E.2d 843, 846 (1992) (providing that the Procurement Code "is applicable to every expenditure of funds by the state acting through a governmental body"); S.C. Code Ann. § 11-35-310 (2011) (defining a governmental body to include state colleges, universities, and technical schools); *Ahrens v. State*, 392 S.C. 340, 353, 709 S.E.2d 54, 60-61 (2011) (warning that "[a] public officer derives his authority from statutory enactment, and all persons are in law held to have notice of the extent of his powers, and therefore, as to matters not really within the scope of his authority, they deal with the officer at their peril" (internal quotation marks omitted)).

3.      Furthermore, Denton and May claim on appeal there was a valid emergency procurement under the Consolidated Procurement Code because the College was in danger of missing its audit deadline.  This is insufficient to justify the contract as an emergency procurement.  *See* S.C. Code Ann. § 11-35-1570 (2011) (declaring emergency procurements are proper "only when there exists an immediate threat to public health, welfare, critical economy and efficiency, or safety under emergency conditions as defined in regulations promulgated by the board; and provided, that such emergency procurements shall be made with as much competition as is practicable under the circumstances").  Moreover, the issue is not properly preserved for review by this court.  *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) (maintaining "[i]t is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved"); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) (stating "[a]n appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief").

4.      Finally, summary judgment was properly granted in this case.  *See Sloan v. Dep't of Transp.*, 379 S.C. 160, 167, 666 S.E.2d 236, 239 (2008) (stating summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law").  We agree with the circuit court that a verdict for Denton and May was not reasonably possible under the facts presented.

Accordingly, the circuit court order granting summary judgment in favor of the College is

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**