**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tariq G., by his mother, Lisa Geer; Ka'Darrius B., by his mother, LaKesha Brownlee; Shamarion B., by his mother, Kim Brownlee, Appellants,

v.

Anderson County School District 5, Respondent.

Appellate Case No. 2014-002377

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-440
Submitted September 1, 2016 – Filed October 26, 2016

———————

**AFFIRMED**

———————

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson; and Karmen Juanita Golla, of McDonnell & Associates, P.A., of Greenville, for Appellants.

Thomas Kennedy Barlow, Allison Aiken Hanna, and Mary Allison Caudell, all of Childs & Halligan, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Tariqus G., Shamarion B., and Ka'Darrius B. (collectively, the Students) appeal the circuit court's ruling affirming the Anderson County School District's (the School District's) decision to expel them for violations of the Student Code of Conduct. They argue the circuit court erred in finding (1) substantial evidence supported the School District's decision to expel the Students, (2) the School District did not violate the Students' due process rights, and (3) the School District did not violate the Students' First Amendment rights.[1] We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether substantial evidence supported the School District's decision: *Doe v. Richland Cty. Sch. Dist. Two*, 382 S.C. 656, 659, 677 S.E.2d 610, 611 (Ct. App. 2009) ("Judicial review of the school board's decision is limited to ascertaining whether the board's decision is supported by substantial evidence.").

2. As to whether the School District violated the Students' due process rights: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with *sufficient specificity*." (emphasis added) (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

3. As to whether the School District violated the Students' First Amendment rights: *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 511 (1969) (stating it is not constitutionally permissible for school officials to impose "the prohibition of expression of one particular opinion without evidence that it is necessary to avoid material and substantial interference with schoolwork or discipline"); *Morse v. Frederick*, 551 U.S. 393, 425 (2007) ("In most settings, the First Amendment strongly limits the government's ability to suppress speech on the ground that it

---

[1] At the outset, we note in the Students' first issue they argued the case was not moot. The circuit court did not find the case moot; we agree and address the Students' remaining issues. *See Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("Mootness has been defined as follows: 'A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief.'" (first alteration by court)(quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

presents a threat of violence."); *id.* ("But due to the special features of the school environment, school officials must have greater authority to intervene before speech leads to violence. And, in most cases, *Tinker*'s 'substantial disruption' standard permits school officials to step in before actual violence erupts.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**