**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Virgil A. Hoff, Employee, Respondent,

v.

Mead Westvaco, Self-Insured Employer, Appellant.

Appellate Case No. 2015-001001

---

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-405
Heard April 11, 2017 – Filed October 25, 2017

---

**REVERSED**

---

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mount Pleasant, for Appellant.

James K. Holmes and Malcolm M. Crosland, Jr., both of The Steinberg Law Firm, LLP, of Charleston, for Respondent.

---

**PER CURIAM:** Appellant Mead Westvaco appeals an order of the circuit court affirming the Appellate Panel of the Workers' Compensation Commission. The Appellate Panel's decision and order was entered following a remand order from

the circuit court finding Respondent Virgil Hoff's claim was not barred by the statute of limitations and Hoff was entitled to coverage under the Workers' Compensation Act (the Act). Appellant appeals arguing (1) Respondent's claim was time barred under the Act; (2) Respondent's argument that Appellant was equitably estopped from asserting the statute of limitations was untimely and without evidentiary or legal support; and (3) the circuit court made improper factual findings in determining Respondent was entitled to coverage under the Act. We reverse pursuant to Rule 220(b), SCACR.

"The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission." *Gibson v. Spartanburg Sch. Dist. No. 3*, 338 S.C. 510, 516, 526 S.E.2d 725, 728 (Ct. App. 2000). "In an appeal from the Commission, this [c]ourt may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law." *Corbin v. Kohler Co.*, 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct. App. 2002). "The appellate court's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." *Id.*

As to Appellant's argument that Respondent's claim was time barred under the Act, we agree. *See* S.C. Code Ann. § 42-15-40 (Supp. 2006)[1] ("The right to compensation under this title is barred unless a claim is filed with the commission within two years after an accident."); *Schulknight v. City of N. Charleston*, 352 S.C. 175, 179, 574 S.E.2d 194, 196 (2003) (holding the date of the "accident" from which the statute of limitations begins to run is the last date of exposure to events causing repetitive trauma). Respondent's last date of exposure was in October 2000, but he did not file his Form 50 until October 2003. Because the applicable statute of limitations was two years from the last date of exposure, his claim was time barred and the circuit court committed an error of law by reversing the Appellate Panel.

We disagree with the circuit court's reliance on *Mauldin* because it concerned a single work place injury to an employee's knee, rather than repetitive trauma. *Mauldin v. Dyna Color/Jack Rabbit*, 308 S.C. 18, 20, 416 S.E.2d 639, 640 (1992).

---

[1] This was the version of section 42-15-40 in effect when Respondent filed his Form 50. Because his alleged injuries occurred prior to July 1, 2007, the prior version of the Act governs this action. *See Pee Dee Reg'l Transp. v. S.C. Second Injury Fund*, 375 S.C. 60, 62, 650 S.E.2d 464, 465 (2007).

Because this case involves allegations of repetitive trauma, our supreme court's rule in *Schulknight*, as noted above, controls. Furthermore, even if the discovery rule was applicable in this case, Respondent's claim was untimely because he filed his claim more than two years after he knew of the hearing loss. By his own admission, Respondent believed he was experiencing hearing loss from at least the 1970s, and he repeatedly stated he notified Appellant of his injury in October 2000. Thus, Respondent's claim was barred by the statute of limitations and the circuit court committed an error of law.

As to Appellant's argument that the circuit court's findings with regard to estoppel were unsupported by the evidence, we agree. *See Langdale v. Carpets*, 395 S.C. 194, 205, 717 S.E.2d 80, 85 (Ct. App. 2011) ("To successfully assert the doctrine of estoppel, a party must show a (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) prejudicial change in position."). Despite Respondent's claim that Appellant's nurses continuously misled him, Respondent admitted he was aware of his hearing loss as early as the 1970s. He also admitted giving notice to Appellant in October 2000. Thus, Respondent failed to show he lacked knowledge of the facts in question. Respondent was aware of his hearing loss by his own admissions even if Appellant's nurses did tell him his audiograms were normal. Accordingly, Respondent was not ignorant of his injury; therefore, estoppel was not warranted.

To the extent the evidence on whether Respondent had knowledge of his hearing loss was conflicting, the Appellate Panel's findings are conclusive. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."). The Appellate Panel found Respondent was aware of his hearing loss, and the circuit court erred by substituting its own factual findings for those of the Appellate Panel. As a result, the circuit court committed an error of law by finding Appellant was estopped from asserting the statute of limitations as a defense.

As to Appellant's final argument, our decisions on the issues above are dispositive, and therefore, we need not address Appellant's final issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating the appellate court need not reach remaining issues when prior issues are dispositive).

Based on the foregoing, we reverse the final decision and order of the circuit court and remand the case to the Commission to adopt the Appellate Panel order dated July 2, 2010.

**REVERSED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**