**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emmitt R. Gunnells, Employee, Appellant,

v.

Galey & Lord Industries, Employer, and Arrowpoint Capital Corporation, Carrier, Respondents.

Appellate Case No. 2022-000655

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2025-UP-406
Heard June 3, 2025 – Filed December 10, 2025

———————————

**DISMISSED**

———————————

Stephen J. Wukela, of Wukela Law Firm, LLC, of Florence, for Appellant.

D. Tyler Hembree, of McAngus, Goudelock & Courie, LLC, of Greenville, for Respondents.

———————————

**PER CURIAM:** Emmit R. Gunnells appeals an order from the Appellate Panel of the South Carolina Workers' Compensation Commission that affirmed the single commissioner's decision directing Galey & Lord Industries and the South Carolina Insurance Guaranty Association (collectively, Respondents) to stop paying weekly

benefits to Gunnells to allow them to recoup their inadvertent overpayment of $22,619.16 in permanent disability benefits.

Respondents moved to dismiss the appeal, arguing this court lacks appellate jurisdiction to review this matter. We agree and dismiss the appeal.

Respondents assert that at the time of Gunnells's injury in 2001, section 42-17-60 of the South Carolina Code (Supp. 2006) required that a claimant must appeal a decision of the Workers' Compensation Commission to the circuit court. Respondents contend that because Gunnells failed to appeal the decision to the circuit court, this court is without appellate jurisdiction.

Gunnells asserts Respondents abandoned this issue by failing to raise it in their brief. Gunnells further argues any failure to comply with a procedural requirement does not affect this court's subject matter jurisdiction over this case.

We dismiss this appeal for lack of appellate jurisdiction. Section 42-17-60 provides that either party may appeal an award of the Commission to the court of appeals; however, this version of the statute became effective on July 1, 2007, with the passage of Act No. 111 and applies only to injuries that occurred on or after that date. *See* Act No. 111, § 30, 2007 S.C. Acts 599, 630-31; S.C. Code Ann. § 42-17-60 (Supp. 2007); *Pee Dee Reg'l Transp. v. S.C. Second Inj. Fund*, 375 S.C. 60, 62, 650 S.E.2d 464, 465 (2007) ("The language of Act 111 is not ambiguous and clearly states that it applies only to injuries that occur on or after July 1, 2007. Therefore, the change regarding the appeal procedure, like all other provisions of the Act, is only applicable to Workers' Compensation cases in which the injury occurred on or after July 1, 2007."). Injuries that occurred prior to July 1, 2007, are governed by the previous version of the statute, which required parties to appeal to the circuit court. *See Pee Dee Reg'l Transp.*, 375 S.C. at 62, 650 S.E.2d at 465. Gunnells suffered his injury on January 14, 2001. Because Gunnells was injured prior to July 1, 2007, and appealed directly to this court rather than first appealing to the circuit court, this court lacks appellate jurisdiction to review the Appellate Panel's decision.

Accordingly, Gunnells's appeal is

**DISMISSED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**