**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Emitt R. Gunnells, Employee, Petitioner,

v.

Galey & Lord Industries, Employer, and Arrowpoint Capital Corporation, Carrier, Respondents.

Appellate Case No. 2026-000284

———

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———

Appeal From The Workers' Compensation Commission

———

Memorandum Opinion No. 2026-MO-007
Submitted April 20, 2026 – Filed May 27, 2026

———

**VACATED AND TRANSFERRED**

———

Stephen J. Wukela, of Wukela Law Office, of Florence, for Petitioner.

Daniel Tyler Hembree, of McAngus Goudelock & Courie, LLC, of Greenville, for Respondents.

———

**PER CURIAM:** Petitioner appealed an order of the Workers' Compensation

Commission holding Petitioner's benefits payments be suspended on December 31, 2023, until an overpayment by Respondent was satisfied. The court of appeals dismissed the appeal based on its determination it did not have appellate jurisdiction because Petitioner was required, under the version of section 42-17-60 of the South Carolina Code (1990) effective at the time of his injury, to file his appeal in the circuit court.[1] Petitioner seeks a writ of certiorari. We grant the petition, dispense with briefing, and vacate the decision of the court of appeals.

Rule 204(a), SCACR, provides for the transfer of a case to the appropriate appellate court in the event the notice of appeal is filed in the wrong appellate court. The circuit court acts as an appellate court for workers' compensation appeals involving injuries that occurred prior to July 1, 2007. *See* S.C. Const. art. V, § 11 (providing circuit courts shall have appellate jurisdiction as provided by law); S.C. Code Ann. § 42-17-60 (1990) (providing for appeals from the Workers' Compensation Commission to be taken to the Court of Common Pleas). The court of appeals erred in dismissing this appeal instead of transferring it to the circuit court. *See In re Nov. 4, 2008 Bluffton Town Council Election*, 385 S.C. 632, 641, 686 S.E.2d 683, 688 (2009) (transferring an appeal to the proper forum under Rule 204(a), SCACR, "guided by the principle that courts should not interpret procedural rules to create a trap for unwary lawyers"). We, therefore, vacate the decision of the court of appeals and transfer the case to the circuit court to hear the appeal.

**VACATED AND TRANSFERRED.**

**KITTREDGE, C.J., FEW, HILL, and VERDIN, JJ., concur. JAMES, J., not participating.**

---

[1] Section 42-17-60 was amended in 2007 to require appeals from the Workers' Compensation Commission to be filed directly with the court of appeals unless the injury occurred before July 1, 2007. *See* Act No. 111, § 30, 2007 S.C. Acts 599, 630-31; S.C. Code Ann. § 42-17-60 (2015); *Pee Dee Reg'l Transp. v. S.C. Second Inj. Fund*, 375 S.C. 60, 62, 650 S.E.2d 464, 465 (2007).